IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DATE MAILED November 1, 2002**

```
BRIAN JOSEPH BRENNAN            :       CIVIL ACTION
                                :
        v.                      :
                                :
BOROUGH OF WEST CHESTER, et al. :       No. 02-5122
```

**N O T I C E**

This case has been assigned to Judge Anita B. Brody.

> **ANY NONGOVERNMENTAL CORPORATE PARTY SHALL FILE FORTHWITH A STATEMENT WITH THE COURT (WITH A COPY TO CHAMBERS) IDENTIFYING ALL ITS PARENT CORPORATIONS AND LISTING ANY PUBLICLY HELD COMPANY THAT OWNS 10% OR MORE OF THE PARTY'S STOCK.  A PARTY SHALL SUPPLEMENT THE STATEMENT WITHIN A REASONABLE TIME OF ANY CHANGE IN THE INFORMATION.**

  1. A pretrial scheduling conference as described in Fed. R. Civ. P. 16 (a), (b) and (c) and Local R. Civ. P. 16.1 (a) and (b) will be held in chambers on **Friday, November 15, 2002** at **4:15 p.m.**.  Unless otherwise specified, Judge Brody will follow the procedure at the conference as outlined in the federal and local rules.

  2.  At the conference the following matters will be considered (See Fed. R. Civ. P 16(b) and (c) and Local R. Civ. P. 16(b)):

        (a)  jurisdictional defects, if any;

        (b)  prospects for amicable settlement;

        (c)  setting date for limiting time to join other parties, to amend pleadings, to file dispositive motions and to complete discovery;

        (d)  setting a date for entering the trial pool;

        (e)  establishing schedules for remaining pretrial proceedings, including pretrial memoranda filings, exchange of exhibits, exchange of

      expert reports, etc; and

   (f) any other pertinent matter.

  3. The parties should be prepared at the conference to argue all outstanding motions before the Judge.

  4. The conference will last approximately thirty (30) minutes unless the factual or legal issues are complex, in which case the conference may last substantially longer.  Judge Brody expects trial counsel to attend this conference.  If trial counsel cannot attend, substitute counsel familiar with the case shall be appointed to attend.  Trial counsel shall notify Judge Brody and opposing counsel of substitute appearances at the earliest possible date.

  5. Motions to dismiss, transfer, add parties and other threshold motions should be filed, whenever possible, before the conference.

  6. Prior to the conference, counsel shall evaluate the case for settlement purposes.  Plaintiff's counsel shall make a demand on opposing counsel no later than five days prior to the conference.  Defense counsel shall respond to the demand no later than one day prior to the conference.  All counsel shall arrive at the conference with settlement authority from the client and arrange for the client to be available by telephone for the duration of the conference.

  7. In an uncomplicated case, Judge Brody will set the discovery deadline for between 90 and 120 days after the conference.  Because the date for completing discovery will be set at the preliminary pretrial conference, counsel should come prepared to suggest a realistic cut-off date. In a case on the special management track, counsel shall submit a joint discovery schedule setting forth deadlines, time intervals, and subjects of discovery as provided for by the Eastern District Expense and Delay Reduction Plan sections 3:01 and 7.01.

  8. All reasonable foreseeable discovery must be served, noticed and completed by the discovery deadline date.  Absent extraordinary circumstances requiring an order of the Court, discovery may take place after the deadline date only by agreement of the parties, and only so long as the trial will not be delayed and trial preparation will not be unreasonably disrupted.

  9. Requests for extension of discovery deadlines or trial pool entry dates can be made by letter, stating the reasons and noting the agreement or disagreement of all other counsel, or by telephone conference with all counsel participating.

10. As stated in Rule 16(c) the filing of pretrial memoranda shall be filed and served at such a time as the court shall direct in the scheduling order or by any other express order. The requirements of Local Rule 16(d) will only be utilized when specially ordered by the Court.

11. In cases designated for the arbitration track, requests for trial <u>de</u> <u>novo</u> after arbitration will result in the case being placed promptly in the trial pool. Where trial <u>de</u> <u>novo</u> is requested after arbitration, discovery and other pretrial matters will proceed on an expedited schedule.

12. Unexcused violations of scheduling orders are subject to sanctions under Fed. R. Civ. P. 16 (f) upon motion by a party or <u>sua</u> <u>sponte</u> by the Court.

13. Counsel must submit **TWO** courtesy copies to chambers of all papers filed with the clerk. This will expedite review of the submission by Judge Brody and her law clerk. The submissions to chambers may be in hard copy format, accompanied by a 3" floppy disc or as an attachment to an e-mail.

- If the case number ends in 1,4 or 7 e-mail to: **thomas_sullivan@paed.uscourts.gov**

- If the case number ends in 2,5 or 8 e-mail to: **sabrina_feve@paed.uscourts.gov**

- If the case ends in 3,6 or 9 e-mail to: **hannah_rogers@paed.uscourts.gov**

   If the case number ends in 0, e-mail to: **chambers_of_judge_b_brody@paed.uscourts.gov**

14. Counsel are reminded that all submissions given directly to Judge Brody in the courtroom or chambers must also be filed by counsel with the Clerk of the Court to assure proper docketing.

15. Judge Brody's Polices and Procedures can be accessed via the U.S. District Court's website at **www.paed.uscourts.gov.**

   Throughout the course of the litigation, counsel shall provide the courtroom deputy clerk, Jim Scheidt, with a current telephone and FAX number(s).

                     _____
                     Marie O'Donnell
                     Deputy Clerk to
                     Judge Brody (Room 7613)
                     (215) 597-3978

cc: John J. Girffin, Esq.
   L. Kristen Blanchard, Esq.
   David J. MacMain, Esq.